UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FERRIS A. CHRISTIAN,

                    Plaintiff,

          -against-

BEVERLY SAMUELS,

                    Defendant.

1:25-CV-3434 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ferris A. Christian, who is appearing *pro se*, brings this action invoking the court's federal question subject matter jurisdiction.[1] He states that the legal basis for this action is, however, Section 853 of the New York Real Property Actions and Proceedings Law.[2] (ECF 9, at 2.) Plaintiff, a Bronx, New York, resident, sues a person who appears to be his current or former landlord, Beverly Samuels, also of the Bronx, New York. In his amended complaint, Plaintiff seeks treble damages. Before Plaintiff filed his amended complaint, he filed a notice of motion, an unsigned order to show cause for a preliminary injunction and temporary restraining order ("OTSC"), and a declaration that appears to be filed in support of his OTSC. (ECF 3, 4, 5.) In his notice of motion, Plaintiff seems to cite parts of federal bankruptcy law. (ECF 3.)  Certain statements in these filings suggest that Plaintiff may be seeking, in his OTSC and declaration,

---

[1] Plaintiff's amended complaint is the operative pleading for this action. (ECF 9.)

[2] Under that statute:

[i]f a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence or by unlawful means, he is entitled to recover treble damages in an action therefor against the wrong-doer.

N.Y. Real Prop. Act. Law § 853.

this Court's stay of his proceedings in the New York City Civil Court, Bronx County, Housing Part ("Housing Court"), which seem to involve his eviction. (*See* 3, 4, 5.) Liberally construing these filings altogether, Plaintiff may be seeking damages and a stay arising from an eviction that took place after Plaintiff's bankruptcy proceedings concluded. Plaintiff has also filed an application for the court to request *pro bono* counsel. (ECF 10.)

By order dated May 1, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action for lack of subject matter jurisdiction and denies all pending motions, applications, and Plaintiff's OTSC, but grants Plaintiff leave to replead his claims in a second amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff alleges the following in his amended complaint: On May 20, 2025, Defendant Beverly Samuels, along with a New York City Marshal and, perhaps, one other person, forced their way into a Bronx apartment that Plaintiff had apparently rented from Samuels. They did so

2

while Plaintiff was taking a bath in the apartment's bathroom. They informed Plaintiff that he had to leave the apartment immediately. Plaintiff was so afraid from that incident that he sought medical attention and could not sleep.

Plaintiff has attached to his amended complaint a copy of a notice issued by the New York City Marshal, on May 20, 2025, with respect to a Housing Court proceeding brought by Samuels against Plaintiff. (ECF 9, at 39.) The notice states "THE LANDLORD HAS LEGAL POSSESSION OF THESE PREMISIS. FOR INFORMATION, CONTACT THE LANDLORD OR AGENT IMMEDITATELY."[3] (*Id.*) Plaintiff also attached a copy of an Order to Show Cause to Restore to Possession (Existing Proceeding), issued on or about May 21, 2025, in the same Housing Court proceeding, in which that court ordered a hearing to take place on May 23, 2025, and stayed Samuels "from Re-Letting the Subject Premises," stayed Samuels and/or the New York City Marshal "from Removing any of the Contents of the Premises," and allowed Plaintiff "access [to the Premises] for the limited purpose of obtaining [his] possessions." (*Id.* at 40.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has subject matter jurisdiction only when a "federal question" is presented, *see* 28 U.S.C. § 1331, or when the plaintiff asserts claims under state law, the plaintiff and the defendant are citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, *see* 28 U.S.C. § 1332(a)(1). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the

---

[3] All quotations from the amended complaint are as they appear in the amended complaint unless otherwise indicated.

court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

## A.    Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. A claim arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996); *see also Carlson v. Principal Fin. Grp.*, 320 F.3d 301, 306 (2d Cir. 2003) ("[I]n order to sustain federal [question] jurisdiction, the complaint must allege a claim that arises under the Constitution or laws of the United States and that is neither made solely for the purpose of obtaining jurisdiction nor wholly insubstantial and frivolous."). While Plaintiff invokes the court's federal question jurisdiction, it appears that he actually seeks relief under state law. (ECF 9, at 2.) Thus, inasmuch as Plaintiff invokes the court's federal question

4

jurisdiction, the Court dismisses his claims for lack of subject matter jurisdiction.[4] *See* Fed. R. Civ. P. 12(h)(3). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his claims in a second amended complaint in which he alleges facts showing that the court has federal question jurisdiction of his claims.

## B.   Diversity jurisdiction

Plaintiff also does not allege facts sufficient to establish the court's diversity jurisdiction to consider any claims under state law that he is attempting to assert. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id*.

There is a second component of diversity jurisdiction—the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that the amount in

---

[4] The Court notes that Plaintiff filed the complaint commencing this action on April 25, 2025, after his bankruptcy appeal in this court was dismissed on March 17, 2025. *In re: Ferris A. Christian, Sr.*, ECF 1:25-CV-0574, 12 (S.D.N.Y. Mar. 17, 2025). Thus, there does not appear to be any basis for the Court to consider any claims under its bankruptcy jurisdiction. *See* 28 U.S.C. § 1334(a).

controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses."). "A plaintiff seeking to invoke diversity jurisdiction 'cannot[,] [however,] meet its burden of proof with mere conclusory allegations of indirect or speculative value.'" *Chavez v. Maker*, No. 1:18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (citation omitted), *report & recommendation adopted sub nom.*, *Chavez v. Wylie*, 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal dismissed*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *Weir v. Cenlar FSB*, No. 7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

Plaintiff, in both his original and amended complaints, alleges that both he and Samuels are citizens of the State of New York. (ECF 1, at 2-3; ECF 9, at 2-3.) Thus, the parties are not diverse. In addition, Plaintiff alleges nothing in his amended complaint suggesting that any of his claims under state law involve an amount in excess of the sum or value of $75,000—the jurisdictional amount for diversity jurisdiction. Accordingly, as it appears that Plaintiff asserts claims under state law under the court's diversity jurisdiction, the Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff leave to replead his claims under state law in a second amended complaint in which he alleges facts showing that the court has diversity jurisdiction of such claims.

C.    **OTSC**

The Court denies Plaintiff's OTSC because of the subject matter jurisdiction deficiencies discussed above. To obtain immediate injunctive relief, such as the relief sought in the OTSC, a plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his action or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000); *Dennis v. K&L Gates LLP*, No. 1:20-CV-9393 (MKV), 2025 WL 902457, at *2 (S.D.N.Y. Mar. 25, 2025) (quoting *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004)). Such relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Because of the abovementioned subject matter jurisdiction deficiencies, neither Plaintiff's amended complaint nor any of his other pending submissions demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiff's favor. Accordingly, the Court denies Plaintiff's OTSC. This denial is without prejudice to Plaintiff's making such claims for relief in a second amended complaint in which he alleges facts sufficient to show that this court has subject matter jurisdiction to consider this action.

D.    **Application for the court to request *pro bono* counsel**

With respect to Plaintiff's application for the court to request *pro bono* counsel, the factors to be considered in ruling on an indigent litigant's request for counsel include the merits of his claims, his efforts to obtain a lawyer, and his ability to gather the facts and present his case

7

if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, merits consideration is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.

Given the subject matter jurisdiction deficiencies discussed above, it is too early to determine whether the Court should request *pro bono* counsel to represent Plaintiff in this action. Accordingly, the Court denies Plaintiff's application for the court to request *pro bono* counsel (ECF 10) without prejudice to Plaintiff's filing another such application at a later stage of the litigation.

**E.    Leave to amend is granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to show that the court has subject matter jurisdiction to consider this action, the Court grants Plaintiff 30 days' leave to file a second amended complaint to allege facts showing that this court has subject matter jurisdiction to consider his claims.

If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**CONCLUSION**

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff 30 days' leave to file a second amended complaint in which he alleges facts showing that this court has subject matter jurisdiction to consider this action.

The Court also denies Plaintiff's order to show cause for a preliminary injunction and temporary restraining order. (ECF 3, 4.) This denial is without prejudice to Plaintiff's making such claims for relief in a second amended complaint in which he alleges facts sufficient to show that this court has subject matter jurisdiction to consider this action. The Court directs the Clerk of Court to terminate ECF 3.

The Court further denies Plaintiff's application for the court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later stage of litigation. (ECF 10.). The Court therefore also directs the Clerk of Court to terminate ECF 10.

If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 25, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge